**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JERRY RICHARDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-01368-NJR** |
| | ) | |
| **COLLINSVILLE POLICE DEPT. and DETECTIVE WARREN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On December 11, 2014, Plaintiff Jerry Richardson, proceeding *pro se*, filed a civil complaint in this Court. On the court-provided form, Plaintiff indicated that he was filing this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, or other law. (Doc. 1, p. 1). Plaintiff is attempting to sue the Collinsville Police Department and Detective Warren for arresting and charging him for offenses that were eventually dropped. *Id*. at 6. Plaintiff also seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (Doc. 3).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

Under 28 U.S.C. § 1915(e)(2), "at any time" a court can deny a qualified plaintiff leave to proceed as a pauper, or it can dismiss a case if the action is clearly frivolous or malicious, fails to

state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff asserts that on August 28, 2013, Defendants, "the Collinsville Police Department with Detective Warren," came to his home and took him into custody for questioning. (Doc. 1, p. 6). The complaint states that Defendant Warren alleged that Plaintiff was "playing loud and obscene music while driving past young girls at a bus stop, while making obscene 'hand and mouth gestures.'" *Id*. at 7. Plaintiff was held in jail and then released on his own recognizance from the City of Collinsville Jail on August 30, 2013; he was issued two tickets: one for driving on a revoked license and the other for disorderly conduct. *Id*.

The charges against Plaintiff were reported in the local news. *Id*. Subsequently, Plaintiff was kicked out of his home, and he later received a letter from the school district where his children attend school notifying him that he was prohibited from entering school property and banned from all athletic events. *Id*.

After a year of continuances, Defendant Warren failed to appear in court, and the charges were dropped. *Id*. Plaintiff seeks compensation for "the pain and suffering my family and I have gone through" and "an apology from the police." *Id*. at 7. He also asserts that his name is "forever tarnished." *Id*.

**<u>Discussion</u>**

The Court is satisfied from Plaintiff's affidavit that he is indigent. For the following reasons, however, the Court finds that the complaint fails to survive a threshold review under 1915(e)(2) and must be dismissed.

First, the form Plaintiff filled out indicates that he seeks to bring this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, or other law. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials. The only named Defendants in this case, the Collinsville Police Department and Detective Warren, are not federal officials. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.

The Court recognizes that *pro se* litigants proceed without the benefit of legal advice; as such, naming the wrong statute or asserting an incorrect legal theory is not necessarily fatal to a *pro se* litigant's claim. *See Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). "It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

To survive a merit's review, however, even a *pro se* litigant's complaint "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "Naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and citations omitted).

Here, Plaintiff alleges that he was taken into custody and held for two nights on allegations that he had engaged in obscene behavior, for which he was issued a ticket. Later the charges were dropped when Defendant Warren failed to appear in court. Other than the fallout that occurred as a result of these allegations, Plaintiff offers no facts in support of a claim that his rights were violated under either federal or constitutional law; he simply requests monetary damages and an apology for his pain and suffering.

It is quite possible that Plaintiff may be able to state a viable Fourth Amendment claim related to his arrest and prosecution under 42 U.S.C. § 1983, but he has failed to do so at this time. Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Here, Plaintiff never asserts facts suggesting that Defendants lacked probable cause or that they acted with malice. In fact, Plaintiff never even claims that the allegations are false. Plaintiff's complaint must contain enough facts to put Defendants on notice of the claim(s) he seeks to assert against them.

For these reasons, the Court finds that the complaint, as currently drafted, fails to state a claim and should be dismissed. But the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) remains **PENDING**. The Court will delay ruling on this motion until after the time in which Plaintiff has been granted leave to file an amended complaint has expired.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order, on or before **February 11, 2015**. **IT IS FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file a First Amended Complaint in strict compliance with this Memorandum and Order, or if the First Amended Complaint fails to state a claim upon which relief may be granted, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this district for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 7, 2015**

**NANCY J. ROSENSTENGEL**
**United States District Judge**